## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARTINA BEVERLY, and <br> HENRY BEVERLY, <br>         **Plaintiffs,** <br> <br>   **vs.** <br> <br> ABBOTT LABORATORIES, INC., a <br> Foreign Corporation, <br> <br>         **Defendant.** | ) <br> )   Case No. 12-cv-3216 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   **JURY DEMANDED** |

## COMPLAINT

**NOW COMES** Plaintiff, MARTINA BEVERLY and HENRY BEVERLY, by and through their attorneys, GOLDMAN & EHRLICH, and complaining of Defendant, ABBOTT LABORATORIES, INC., states as follows:

1. Plaintiff MARTINA BEVERLY brings this action for violations of Title VII, 42 U.S.C. § 2000e *et seq.* for national origin discrimination and retaliation for engaging in protected action under Title VII when Defendant subjected her to different terms and conditions of employment and then terminated her. This action is also brought under the Americans With Disabilities Act, 42 U.S.C. §12117 for discrimination against Plaintiff based on Defendant's failure to accommodate her disability, discrimination based on her disability, and retaliation for her requests for accommodations. This Court has jurisdiction over this claim pursuant to 42 U.S.C. § 2000e *et seq*, 42 U.S.C. §12117 *et seq.*, and 28 U.S.C. §§1331.

2. Plaintiff HENRY BEVERLY brings this action for violations of Title VII, 42 U.S.C. § 2000e *et seq.* for discrimination on the basis of race and retaliation for engaging in protected action under Title VII when Defendant subjected him to different terms and conditions of employment and refused to promote him to numerous positions.

3. Venue is proper in this judicial district as Defendant resides in the Northern District of Illinois, and the acts complained of occurred within the Northern District of Illinois.

LAW OFFICES <br>
**GOLDMAN & EHRLICH** <br>
19 SOUTH LA SALLE STREET <br>
SUITE 1500 <br>
CHICAGO, ILLINOIS 60603 <br>
(312)332-6733 <br>
<br>
ARDC # 06187364

4.      Plaintiffs filed timely charges of discrimination against Defendant with the Equal Employment Opportunity Commission in August of 2010.  The EEOC issued each Plaintiff a Notice of Right to Sue dated January 31, 2012.

5       Plaintiff, MARTINA BEVERLY, was born in Germany and is a resident of Chicago, Illinois.  Plaintiff was employed by Defendant at all times relevant to this complaint as a senior financial analyst until her termination on or about October 20, 2009.  Plaintiff met the legitimate expectations of her position at all times relevant to this complaint.

6.      Plaintiff HENRY BEVERLY is a resident of Chicago, Illinois.  He has been employed by Defendant since 2006 as a demand analyst and is the husband of Plaintiff MARTINA BEVERLY.  HENRY's race is black.  Plaintiff met the legitimate expectations of his position at all times relevant to this complaint.

7.      Defendant, ABBOTT LABORATORIES, Inc, is a corporation licensed to do business in the state of Illinois and does business within the Northern District of Illinois.

## COUNT I
## RETALIATION AS TO MARTINA BEVERLY

8.      In March of 2009, Plaintiff MARTINA BEVERLY complained to Defendant that she was being sexually harassed by another employee who frequently stared at her and engaged in other acts that made her uncomfortable.  Plaintiff previously informed her manager of these complaints.  When that manager failed to take action, Plaintiff informed upper management and human resources of the harassment and that her manager failed to address the problems.

9.      Plaintiff was on an extended medical leave from April until September of 2009. Plaintiff was not given access to computer programs which she needed for her work when she returned in September.  When Plaintiff asked her managers about this, she was told to work with the same male employee who she had accused of sexual harassment in March of 2009.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

10.     When Plaintiff returned to work in September 2009, she was also told by the assistant comptroller to whom she reported that she allegedly lacked integrity, was not professional, would be responsible for new duties in addition to those she performed before her medical leave, and may be subject to a reduction in force.  Plaintiff was also told she could no longer work flexible hours or work from home when she had medical appointments.  Plaintiff was previously allowed to work flexible hours and work from home before she complained about sexual harassment.

11.     Plaintiff told Defendant that her managers were retaliating against her on or about September 24, 2009.  Plaintiff also stated that she was also being discriminated against on or about September 23, 2009 based on her German nationality.

12.     On or about October 16, 2009, Plaintiff asked Defendant about the status of the complaints she had made in March and September 2009.  Defendant claimed that an investigation of her complaints had not yet been completed.

13.     On or about October 16, 2009, Defendant informed Plaintiff that she was now being investigated because she allegedly told her manager she would "cram it down his throat" if he continued to bully her.  The manager claimed that he was nervous about this alleged threat though he was considerably taller, weighed approximately 60 pounds more than Plaintiff, and Plaintiff was wearing a neck brace and had medical limitations upon her return from extended medical leave.

14.     Plaintiff told Defendant that the manager's allegations were false.  She explained that as a German national and with English as her second language, she did not understand the term "cram it down" a person's throat and was physically incapable of any threats given her medical condition.

15.     On October 20, 2009, Defendant stated it had completed its investigation of Plaintiff's complaints and claimed that there was no merit to her complaints of discrimination and

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

3

retaliation. Defendant then told Plaintiff that she was being terminated for having allegedly threatened her manager despite the fact that Plaintiff made no such threats.

16.     Defendant violated Title VII, 42 U.S.C. §2000e *et seq.*, by retaliating against Plaintiff for complaining about discrimination and harassment. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

17.     Defendant's repeated retaliatory actions were willful, malicious, and intentional.

18.     Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff MARTINA BEVERLY requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A.     Actual damages for lost salary and employment benefits in an amount in excess of Three Hundred Thousand Dollars ($300,000.00);

B.     Compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

C.     Punitive damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00);

D.     Reinstatement to her position with Defendant with retroactive seniority and benefits;

E.     Attorneys' fees and costs; and

F.     Such other relief as this Court deems appropriate.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

## COUNT II
## VIOLATION OF ADA AS TO MARTINA BEVERLY

1-7.      Plaintiffs restate and re-allege paragraphs one through seven, above, as paragraphs one through seven of this Count II as though fully set forth herein.

8.      In March of 2009, Plaintiff MARTINA BEVERLY was diagnosed as having spinal fractures and internal bleeding from an accident and was on a medical leave from April until September because of this medical condition.  Plaintiff required continuing medical treatment when she returned to work, could not drive, was in frequent pain, and had physical restrictions, all of which substantially limited her major life activities.

9.      Plaintiff requested reasonable accommodations in September 2009 such as working a flexible schedule and working from home on days she had medical appointments.  Plaintiff and other employees had been allowed to do this previously.  When Defendant told Plaintiff that she would be assigned additional work responsibilities, she also asked for an accommodation to temporarily reduce the added work load or to be temporarily transferred until she recovered further from her condition.  Plaintiff also asked if she could use her accrued vacation leave to travel to Germany for additional medical treatment.

10.      Defendant refused Plaintiff's requests for accommodations.  Plaintiff was told she would have to use paid leave to attend medical appointments instead of working a flexible schedule which would have allowed her to work a full eight (8) hours after her morning medical appointments. Defendant was also unwilling to allow Plaintiff to use her laptop computer outside of work unless she explained the exact nature of the work she would perform on the laptop.  These restrictions had not been imposed on Plaintiff before and made it difficult to perform work from home on days she had medical appointments.

11.      Defendant was initially unwilling to approve her request to use her accrued paid leave to seek further medical attention in Germany until Plaintiff complained.  Defendant also told

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

Plaintiff it would not support her request for a temporary transfer until her medical condition improved and she would be required to perform all the newly added duties.

12.     Defendant discriminated against Plaintiff because she had a disability and retaliated against her for requesting accommodations when it terminated her on October 20, 2010. Defendant relied on allegations it knew to be false when it terminated Plaintiff as a pretext for discrimination.

13.     Defendant violated Title I of the Americans With Disabilities Act, 42 U.S.C. §12117, *et seq.* by refusing to grant Plaintiff reasonable accommodations for her disability, retaliating against her for requesting accommodations, and discriminating against Plaintiff based on her disability.  As a result of these violations, Plaintiff lost salary and other employment benefits and suffered emotional distress.

14.     Defendant's repeated retaliatory actions were willful, malicious, and intentional.

15.     Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff MARTINA BEVERLY requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A.     Actual damages for lost salary and employment benefits in an amount in excess of Three Hundred Thousand Dollars ($300,000.00);

B.     Compensatory damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00);

C.     Reinstatement to her position with Defendant with retroactive seniority and benefits;

D.     Attorneys' fees and costs; and

E.     Such other relief as this Court deems appropriate.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

## COUNT III
## NATIONAL ORIGIN DISCRIMINATION AS TO MARTINA BEVERLY

1-7.     Plaintiffs restate and re-allege paragraphs one through seven, above, as paragraphs one through seven of this Count III as though fully set forth herein.

8.     In September 2009 when Plaintiff MARTINA BEVERLY returned from medical leave, she reported to a new assistant comptroller who began in this position while Plaintiff was on medical leave.  This individual told Plaintiff that he did not like Germany.  Shortly after meeting with Plaintiff, he told her she was unprofessional though he had no basis for this statement.

9.     Defendant, through the assistant comptroller, discriminated against Plaintiff and subjected her to different terms and conditions of employment because of her German nationality.  Defendant's discriminatory acts included, but were not limited to, refusing to provide accommodations to Plaintiff such as allowing her to use flexible time or work from home.  These actions and the attitude towards Plaintiff were based on his prejudice against Germans.

10.     On or about October 16, 2009, Defendant informed Plaintiff that she was being investigated for having allegedly told her manager that she would "cram it down his throat" if he continued to bully her.  The manager falsely claimed that this threat scared him though he was considerably taller, weighed approximately 60 pounds more than Plaintiff, and Plaintiff was wearing a neck brace and had medical limitations after returning from an extended medical leave.

11.     Plaintiff informed Defendant that the manager's allegations of a threat were false.  As a German national with English as her second language, Plaintiff told Defendant she did not understand the term "cram it down" a person's throat.  Plaintiff was also physically incapable of any such action given her medical condition.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

12.     On October 20, 2009, Defendant informed Plaintiff that she was being terminated for having allegedly threatened her manager despite the fact that Plaintiff made no such threats. This was a pretext for discrimination against her nationality.

13.     Defendant violated Title VII, 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of her national origin.  Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

14.     Defendant's repeated retaliatory actions were willful, malicious, and intentional.

15.     Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A.     Actual damages for lost salary and employment benefits in an amount in excess of Three Hundred Thousand Dollars ($300,000.00);

B.     Compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

C.     Punitive damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00);

D.     Reinstatement to her position with Defendant with retroactive seniority and benefits;

E.     Attorney fees and costs; and

F.     Such other relief as this Court deems appropriate.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364

## COUNT IV
## RETALIATION AS TO HENRY BEVERLY

1-7.     Plaintiff restates and re-alleges paragraphs one through seven, above, as paragraphs one through seven of this Count IV as though fully set forth herein.

8.     Plaintiff HENRY BEVERLY made several complaints to Defendant about discriminatory and retaliatory treatment of his wife, Martina Beverly, in 2009. In September and October of 2009, Plaintiff complained about discriminatory actions taken against Martina and failure to accommodate her. He also objected to Defendant's claims that Martina's discrimination complaints were deemed unfounded. Plaintiff told Defendant that his wife's termination was based on discrimination and retaliation.

9.     Plaintiff also complained to Defendant in or about October of 2009 that he was being mistreated because he was black and because his wife had complained about discrimination.

10.     Defendant has retaliated against Plaintiff for making complaints of discrimination and because his wife made discrimination and harassment complaints. When Plaintiff attended a meeting with his wife regarding her discrimination complaints and her being terminated in October 2009, Defendant called security to have Plaintiff removed because he was complaining about discrimination and retaliation on behalf of his wife.

11.     Defendant also retaliated against Plaintiff by removing many of his duties and responsibilities after he made complaints and after his wife was terminated in October of 2009. Defendant also began denying Plaintiff professional training and funding for any development opportunities.

12.     Plaintiff's role in preparing several business reports and processes in which he had always been instrumental was substantially reduced or eliminated without explanation after MARTINA was terminated. Plaintiff was excluded from meetings and from receiving emails that

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

related directly to his projects and were material to his duties. Though Plaintiff had often operated in a leading role in some projects, he was now required to document the work he was performing.

13.     Defendant has also retaliated against Plaintiff by refusing to allow him to be promoted to a different position since at least November 2009. Plaintiff was found well qualified for many of these positions. Yet, Defendant refused to approve of any promotions for which Plaintiff was fully qualified from in or about November 2009 to the present. Defendant has promoted individuals over Plaintiff who did not complaint about discrimination regardless of whether they were more qualified than Plaintiff or not.

14.     Defendant's retaliatory refusal to allow Plaintiff to be promoted continued after he filed a charge with the Equal Employment Opportunity Commission in August of 2010.

15.     Defendant violated Title VII, 42 U.S.C. §2000e *et seq.*, by retaliating against Plaintiff for making complaints of discrimination on behalf of his wife and on his own behalf. Defendant's conduct has deprived Plaintiff of higher paying positions, caused him to lose salary and other employment benefits and has caused Plaintiff emotional distress.

16.     Defendant's repeated retaliatory actions were willful, malicious, and intentional.

17.     Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff HENRY BEVERLY requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A.     Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

B.     Compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

C.     Punitive damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00);

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

D.      Promotion to the next available open position for which Plaintiff qualifies;

E.      Attorney fees and costs; and

F.      Any such other relief as this Court deems appropriate.

**COUNT V**
**RACE DISCRIMINATION AS TO HENRY BEVERLY**

1-7.    Plaintiff restates and re-alleges paragraphs one through seven, above, as paragraphs one through seven of this Count V as though fully set forth herein.

8.    In contrast to non-black employees, Plaintiff was often not informed about meetings and not allowed to travel to meetings that took place outside the building where he worked though these meetings related directly to his area of responsibility. Plaintiff was also excluded from meetings with Defendant's international business partners who would visit Plaintiff's office area despite the fact that Plaintiff's expertise was in international business.

9.    Plaintiff has applied for numerous promotions since 2009 through the present. Plaintiff was qualified for each of these positions and was told on several occasions that he was a good fit for the position in question. Yet, Defendant has refused to promote Plaintiff to these positions and often promoted a non-black employee to these positions over him regardless of that employee's qualifications.

10.    When Plaintiff informed his manager that he felt he was being treated differently, Plaintiff was told that he should not dwell on this as it would push other people away.

11.    In or about November 2009, Plaintiff was told by Defendant that a white manager was afraid of Plaintiff. There was no reason why any manager would be afraid of Plaintiff unless that manager was afraid of black employees.

12.    Defendant violated Title VII, 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his race. Defendant's conduct has deprived Plaintiff of higher paying positions,

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

caused him to lose salary and other employment benefits and has caused Plaintiff emotional distress.

13.     Defendant's discriminatory actions were willful, malicious, and intentional.

14.     Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff HENRY BEVERLY requests that this Court enter judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A.     Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

B.     Compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

C.     Punitive damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

D.     Promotion to the next available open position for which Plaintiff qualifies;

E.     Attorney fees and costs; and

F.     Any such other relief as this Court deems appropriate.


Dated: April 30, 2012          /s/ Arthur R. Ehrlich

Arthur R. Ehrlich of GOLDMAN & EHRLICH, as attorney for Plaintiffs MARTINA BEVERLY and HENRY BEVERLY

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364